**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS D. A. BRASWELL, | 1:11-cv-00126-SMS (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK TO TERMINATE ACTION |
| v. | |
| | [Doc. 1] |
| H. A. RIOS, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

BACKGROUND

Petitioner is currently in the custody of the United States Penitentiary in Atwater California. He is serving a sentence of 365 months imposed by the United States District Court for the District of Alaska.

Petitioner appealed his conviction to the United States Court of Appeals for the Ninth Circuit and the judgment was affirmed.

Petitioner filed the instant petition for writ of habeas corpus on January 24, 2011. Petitioner contends he is being falsely imprisoned and the execution of his sentence is a violation of his civil rights.

///

DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988)

1  (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate);

2  Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th

3  Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural

4  requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C.

5  § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.

6  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

7      Petitioner claims his sentence should be reduced and he is being falsely imprisoned

8  because of an illegal grand jury indictment.  Petitioner's claims must be raised by way of section

9  2255.  Although Petitioner contends he is challenging the execution and not the validity of his

10  sentence, his claims and requests for relief state otherwise.  A petition contending Petitioner's

11  sentence is invalid is still a § 2255 petition regardless of what Petitioner call the petition.  Brown

12  v. United States, 610 F.2d 672, 677 (9th Cir. 1980).  Thus, Petitioner is challenging the validity

13  and constitutionality of his federal sentence imposed by the United States District Court for the

14  District of Alaska.  Therefore, the appropriate procedure would be to file a motion pursuant to §

15  255 in the District of Alaska, not a habeas petitioner pursuant to § 2241 in this Court.

16      Petitioner has failed to demonstrate that the remedy under § 2255 is inadequate or

17  ineffective, and it appears that he is attempting to utilize § 2241 as a substitute to § 2255.   Nor

18  has Petitioner established actual innocence as he challenges the validity of his sentence, not the

19  underlying convictions.  Accordingly, there is no showing "it is more likely than not that no

20  reasonable juror would have convicted him."  Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir.

21  2006).  Therefore, the instant petition for writ of habeas corpus must be dismissed.

22      The controlling statute in determining whether to issue a certificate of appealability is 28

23  U.S.C. § 2253, which provides as follows:

24   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a

25   district judge, the final order shall be subject to review, on appeal, by the court
     of appeals for the circuit in which the proceeding is held.

26

27   (b) There shall be no right of appeal from a final order in a proceeding to test the
     validity of a warrant to remove to another district or place for commitment or trial
     a person charged with a criminal offense against the United States, or to test the

28   validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DENIES Petitioner's motion for certificate of appealability.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED;
2. The Clerk of Court is directed to terminate this action; and
3. The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

**Dated:    February 10, 2011**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE